KIMBERLEY A. WORLEY, State Bar No. 119299
HOLDEN LAW GROUP
1522 Lincoln Way
Auburn, CA 95603-5015
kworley@holdenlawgroup.com
Telephone:     530.888.0901
Facsimile:     530.888.0902

Attorneys for Defendant
CHILDREN'S RECEIVING HOME
OF SACRAMENTO

# IN THE UNITED STATE DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA CANUPP<br><br>Plaintiff,<br><br>v.<br><br>CHILDREN'S RECEIVING HOME OF SACRAMENTO; and DOES 1 to 25, inclusive<br><br>Defendants. | Case No. 2:14-at-00608<br><br>**DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION)** |

**TO:   THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Children's Receiving Home of Sacramento hereby removes to this Court the state court action described below:

1.      **JURISDICTION.** Pursuant to Eastern District Local Rule 204, Defendant alleges that the basis of this Court's jurisdiction is federal question under the Family and Medical Leave Act ("FMLA"), to wit, 29 U.S.C. section 2601 et seq. Plaintiff expressly alleges violation of the FMLA in two claims for relief, a third claim for relief is a common law claim based on alleged violation of the FMLA and the factual allegations also allege FMLA and violation of 29 C.F.R. 825. This action, thus, is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1331 in that it arises under federal law, and is one which may be removed to this Court by Defendant pursuant to the

HOLDEN LAW GROUP
1522 LINCOLN WAY
AUBURN, CA 95603
530 888 0901

DEFENDANT'S NOTICE OF REMOVAL        1
UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION)        Case 2:14-at-00608

1   provisions of 28 U.S.C. section 1441(a), (c).  Pursuant to 28 U.S.C. section 1367(a), this Court has

2   supplemental jurisdiction over the other claims for relief in Plaintiff's Complaint.

3       2.    On April 24, 2014, an action was commenced in the Superior Court of the State of

4   California in and for the County of Sacramento, entitled TINA CANUPP, Plaintiff v. CHILDREN'S

5   RECEIVING HOME OF SACRAMENTO, and DOES 1 through 25, inclusive, Defendants, Case No.

6   34-2014-00162514 ("Complaint"), a true and correct copy of which is attached hereto as Exhibit 1 with

7   its exhibits and incorporated herein by reference.

8       3.    A Civil Case Cover Sheet was filed in Sacramento County Superior Court on April 24,

9   2014 but was not served on Defendant.  A true and correct copy of the Civil Case Cover Sheet obtained

10  from Sacramento County Superior Court is attached hereto as Exhibit 2 and incorporated herein by

11  reference.

12      4.    A Summons was issued by Sacramento County Superior Court on April 25, 2014, a true

13  and correct copy of which is attached hereto as Exhibit 3 and incorporated herein by reference

14      5.    The Complaint and Summons were served on Defendant on April 30, 2014.  With the

15  Complaint and Summons, Defendant was also served with a Notice of Case Management Conference

16  and Order to Appear.  A true and correct copy of this Notice is attached hereto as Exhibit 4 and

17  incorporated herein by reference.

18      6.    Defendant served its Answer on Plaintiff on May 13, 2014 and filed its Answer with

19  Sacramento County Superior Court on May 14, 2014.  A true and correct copy of this Answer is

20  attached hereto as Exhibit 5 and incorporated herein by reference.

21      7.    Exhibits 1-5 constitute all the papers filed with or issued by the Sacramento County

22  Superior Court at the time of this removal.

23      8.    The facts alleged supporting such federal claims are:  In her Sixth Claim for Relief which

24  Plaintiff expressly articulates as a claim for interference with her rights in violation of 29 U.S.C. section

25  2601, Plaintiff alleges she was formerly employed by Defendant (Ex. 1, ¶ 5); that Defendant is an

26  employer within the meaning of the FMLA (Ex. 1, ¶ 79); that she was an eligible employee because she

27  was employed for more than one year by Defendant and worked in excess of 1,250 hours in the

28  preceding 12 months (Ex. 1, ¶ 80); that she had a serious health condition covered by the FMLA (Ex. 1,

HOLDEN LAW
GROUP
1522 LINCOLN WAY
AUBURN, CA 95603
530.888.0901

DEFENDANT'S NOTICE OF REMOVAL          2
UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION)          Case 2:14-at-00608

¶ 81); that she requested a leave of absence from her employment with Defendant under her FMLA rights (Ex. 1, ¶ 81); that Defendant failed to provide her required information and forms under the FMLA (Ex. 1, ¶ 82); that Defendant unlawfully terminated her when she still had qualifying FMLA leave available (Ex. 1, ¶ 82); and that she incurred wage loss, costs and attorneys' fees because of Defendant's violation of the FMLA. (Ex. 1, ¶¶ 82-83.) Her Eighth Claim for Relief expressly articulates a violation of her rights under 29 U.S.C. section 2601 and makes similar allegations under the theories of discrimination and retaliation. (Ex. 1, ¶¶ 87 – 93.) Further, in the Ninth Claim for Relief, Plaintiff alleges a common law claim for wrongful termination in violation of public policy, one of those policies being the FMLA set forth in 29 U.S.C. section 2601. (Ex. 1, ¶ 95.) Plaintiff's Fifth and Seventh Claims for Relief allege violation of the California Family Rights Act ("CFRA"), a state law comparable to the FMLA, thus making her FMLA and CFRA claims based upon the same set of facts. All remaining claims in the Complaint are also dependent on such facts. The foregoing allegations establish the fact that the case arises under federal law and is removable on that basis and that the Court has supplemental jurisdiction over her state law claims.

9.      Children's Receiving Home of Sacramento is the only named Defendant. The Doe Defendants are to be disregarded for removal purposes and thus joinder by the Doe Defendants is neither possible nor required.

10.      This removal is proper and timely filed. 28 U.S.C. § 1446(b). Service of the Summons and Complaint occurred on April 30, 2014. Any prior knowledge that Defendant had of Plaintiff's allegations or the existence of Plaintiff's Complaint do not trigger removal jurisdiction nor does receipt of any courtesy copy trigger removal jurisdiction. See Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344 (1999).

///

///

///

///

///

///

///

HOLDEN LAW
GROUP
1522 LINCOLN WAY
AUBURN, CA 95603
530 888 0901

DEFENDANT'S NOTICE OF REMOVAL         3
UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION)                Case 2:14-at-00608

1      11.    **VENUE.** Venue is proper in the District Court for the Eastern District of California in

2  that Plaintiff and Defendant are located in Sacramento County, California. (Ex. 1, ¶¶ 1, 2.)

3  Dated: May 14, 2014             HOLDEN LAW GROUP

4

5                 By:

6                        KIMBERLEY A. WORLEY
                      Attorneys for Defendant CHILDREN'S

7                        RECEIVING HOME OF SACRAMENTO

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOLDEN LAW
GROUP
1522 LINCOLN WAY
AUBURN, CA 95603
530 888 0901

DEFENDANT'S NOTICE OF REMOVAL     **4**
UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION)                        Case 2:14-at-00608

Robin K. Perkins, SBN: 131252
Natalia D. Asbill, SBN: 281860
Michael L. Shoff, SBN: 290419
PERKINS & ASSOCIATES
300 Capitol Mall, Suite 1800
Sacramento, CA 95814
Telephone:   916.446.2000
Facsimile:   916.447.6400
rperkins@perkins-lawoffice.com
nasbill@perkins-lawoffice.com
mshoff@perkins-lawoffice.com

Attorneys for Plaintiff
TINA CANUPP

FILED
Superior Court Of California,
Sacramento
04/24/2014
amboano
By _____ , Deputy
Case Number:
34-2014-00162514

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| TINA CANUPP,<br><br>       Plaintiff<br><br>       v.<br><br>CHILDREN'S RECEIVING HOME OF SACRAMENTO; and DOES 1 through 25, inclusive,<br><br>       Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR DISABILITY DISCRIMINATION IN VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT; FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS; FAILURE TO PROVIDE A REASONABLE ACCOMMODATION; RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTION 1102.5; INTERFERENCE WITH CALIFORNIA FAMILY RIGHTS ACT; INTERFERENCE WITH FAMILY MEDICAL LEAVE ACT; RETALIATION IN VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT; DISCRIMINATION IN VIOLATION OF FAMILY MEDICAL LEAVE ACT; WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; and INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff TINA CANUPP (hereinafter "Plaintiff") alleges as follows:

### GENERAL ALLEGATIONS

1.      Plaintiff is, and at all times mentioned herein this Complaint was a resident of Sacramento County, California.

Exhibit 1

2.    Plaintiff is informed, believes and thereon alleges that CHILDREN'S RECEIVING HOME OF SACRAMENTO (hereinafter "CRH") is a California Corporation, doing business in the State of California and within the County of Sacramento and is an employer within the meaning of all applicable statutes and is subject to suit under Government Code Section 12940, et seq.

3.    Plaintiff is informed, believes and thereon alleges that CRH is responsible and liable for the occurrences alleged herein, and Plaintiff's injuries, as alleged, were proximately caused by CRH.

4    The true names and capacities, whether individual, corporate, associates, or otherwise of Defendants designated herein as DOES 1 through 25, inclusive, are unknown to Plaintiff and she therefore sues said Defendants by such fictitious names   When the true names and capacities of such fictitiously named Defendants have been ascertained, this pleading will be amended.  Plaintiff is informed, believes, and thereon alleges that each of these factiously named Defendants is responsible in some manner for the occurrences alleged, and those Plaintiff's injuries, as alleged, were proximately caused by these Defendants.

### FACTUAL BACKGROUND

5    Plaintiff is informed, believes and thereon alleges that she commenced her employment with CRH on or about October 31, 2011, as the Health and Wellness Manager.

6.    Plaintiff is informed, believes and thereon alleges prior to her employment with CRH Plaintiff served in the United States Army as a Combat Field Medic from June 2006 through April 2011.

7    Plaintiff is informed, believes and thereon alleges in her capacity as the Health and Wellness Manager for CRH Plaintiff was charged with ensuring that CRH was in compliance with California Department of Social Services Community Care Licensing (hereinafter "CCL") standards and regulations as it related to the operation of the CRH Health and Wellness department.

8.    Plaintiff is informed, believes and thereon alleges that in or around October 2012, Plaintiff was approached by an employee of CRH who asserted that a CRH Counselor was assisting minor female residents in sneaking out of the facility after hours to "work." When Plaintiff inquired further into what the CRH employee meant by work the employee, stated "prostitute."

Exhibit 1

9.     Plaintiff is informed believes and thereon alleges that in accordance with the policies of the State of California and her employer CRH, Plaintiff is a mandated reporter of suspected child sexual abuse filed a report with CRH HR and Karen Gregg, Training and Support Service Manger. Plaintiff is further informed, believes and thereon alleges CRH and its manger/agent Karen Gregg failed to investigate and, in fact, Ms. Gregg responded abruptly that the allegation was a lie, brushing off the entire report Plaintiff is further informed, believes and thereon alleges based upon the inappropriate response Plaintiff received from Ms Gregg, Plaintiff proceeded to inform CRH's CEO, David Ballard, of the allegations that a male employee of CRH was assisting the female residents to sneak out the of building to go to "work," in an attempt to have the matter properly investigated in accordance with the law.

10.     Plaintiff is informed, believes and thereon alleges in or about January 2013, Plaintiff once again engaged in protected activity and caused a report to be filled out relating to allegations of a CRH employee inappropriately touching a minor female resident Plaintiff is further, informed, believes and thereon alleges Ms Gregg once again approached Plaintiff and told Plaintiff the employee who reported the alleged incident of sexual assault was lying and needed to be terminated. Plaintiff is further informed, believes and thereon alleges CRH was eventually investigated by CCL and as result of the investigation CRH was fined by CCL for failing to properly investigate and report the suspected sexual abuse of a minor.

11     Plaintiff is informed, believes and thereon alleges in February of 2013 she applied for the position of associate Director of Residential Services. Plaintiff is further informed, believes and thereon alleges she was qualified for the position based upon her experience, training and education, as well as, having a group home administrators' license. Plaintiff is further informed, believes and thereon alleges the posting of the position was taken down two days after it was posted and Plaintiff was never interviewed for the position and the position was given to a less qualified employee of CRH, in fact the employee who was awarded the position did not have a bachelor's degree which the job description stated was a requirement, nor did the employee who obtained the position have a group home administrators' license. Plaintiff is further informed, believes and thereon alleges she was not given a fair opportunity to compete for the position or be interviewed in

Exhibit 1

1  retaliation for the protected activity she had engaged in by filing several reports of suspected sexual

2  abuse of minors

3      12.    Plaintiff is informed, believes and thereon alleges on or about February 28, 2013, she

4  was approached again by an employee ("Ms. C.") of CRH who stated she had information another

5  CRH employee/counselor was having inappropriate sexual relations with a CRH youth. Plaintiff is

6  further informed, believes and thereon alleges an investigation was immediately conducted

7  Immediately after the interview took place, Ms. Gregg once again approached Plaintiff and told

8  Plaintiff she was wasting her time investigating this matter as the employee Ms. C., was lying

9      13.    Plaintiff is informed, believes and thereon alleges on or about March 1, 2013, the

10  alleged abuser/counsel, Theresa Gooch, was interviewed by HR. After the interview of Ms. Gooch,

11  it was immediately decided by HR that the allegations of sexual abuse and improper

12  relations/conduct of Ms. Gooch were unfounded, despite not having interviewed the minor involved

13  After the interview, Ms. Gregg was called into the office by HR and Ms. Gregg once again told

14  Plaintiff Ms. C. was a liar and Plaintiff needed to do something about her and instructed Plaintiff to

15  not to interview the youth. Plaintiff is further informed, believes and thereon alleges the allegation of

16  sexual abuse of minor against Ms. Gooch were subsequently substantiated by the Sacramento Police

17  Department and that Ms. Gooch had pled no contest to the charges of sexual abuse of a minor.

18      14.    Plaintiff is informed, believes and thereon alleges on or about March 22, 2013, Ms.

19  Gregg told Plaintiff to call a youth who had indicated she had information regarding Ms. C and

20  another CRH employee named, "E" Plaintiff is further informed, believes and thereon alleges on

21  the same day Plaintiff contacted the youth and the youth disclosed she had an inappropriate

22  relationship with "E" and so had another youth named "S" The youth further told Plaintiff that

23  there was prostitution going on at CRH and she could prove it  Plaintiff is further, informed, believes

24  and thereon alleges she immediately took her notes to HR and told HR an investigation needed to be

25  conducted and this matter could not be shoved under the rug as CRH had done so many times in the

26  past

27      15.    Plaintiff is informed, believes and thereon alleges later in the afternoon on March 22,

28  2013, she was pulled into a meeting with the CEO and questioned as to why Plaintiff had contacted

PLAINTIFF'S COMPLAINT                    4

Exhibit 1

the youth regarding "E." Plaintiff was further interrogated as to why she had reported this so many times before if the employee Ms. C. was lying. Plaintiff is further informed, believes and thereon alleges HR told Plaintiff, CRH did not understand why Ms C was still employed with CRH as Ms. C. only created trouble for CRH and that Ms C needed to be let go before she started anymore lies or trouble. Subsequently, CRH terminated Ms C employed with CRH Plaintiff is further informed, believes and thereon alleges the allegations of sexual impropriety with "E" an employee of CRH and the minor youth were substantiated by CCL and CRH was fined by CCL.

16    Plaintiff is informed, believes and thereon alleges commencing in or about March 2013, and continuing through July of 2013, Plaintiff was repeatedly subjected to a hostile work environment, including but not limited to being unprofessionally disrespected in front of subordinate staff members by Ms. Gregg, being ridiculed for bringing forth mandated reports of suspected sexual abuse of minors by the upper management of CRH, indirectly being accused by CRH management of filing these reports on the basis of liking to create drama, and being called a liar by Ms. Gregg Plaintiff is further informed, believes and thereon alleges in late June 2013, she filed an official complaint against Ms. Gregg as Plaintiff reasonably believed Ms Gregg was targeting and retaliating against Plaintiff because of Plaintiff's protected activity of making severe reports and investigating allegations of sexual misconduct of CRH's employees and for participating in CCL investigations into the complaints. Plaintiff is further informed, believes and thereon alleges CRH request on July 2, 2013, that Plaintiff resend her formal complaint against Ms. Gregg

17.    Plaintiff is informed, believes and thereon alleges in retaliation for Plaintiff's repeated protected activity CRH moved Plaintiff's office out of the medical clinic to an office directly across from Ms. Gregg on or about July 3, 2013. Plaintiff is further informed, believes and thereon alleges that she vocalized her concern as it related to this move as Plaintiff reasonably believed it would interfere and impede Plaintiff's ability to effectively perform her job duties, i e see and treat kids. Plaintiff is further informed, believes and thereon alleges the move of her office from the medical clinic to the administrative wing in fact did negatively affect her job. As the move made it impossible for Plaintiff to see kids, work with the physicians and oversee her staff. Plaintiff is further informed, believes and thereon alleges staff physicians complained regular to Plaintiff stating

Exhibit 1

1   that the move had made Plaintiff inaccessible to the medical clinic.

2       18.    Plaintiff is informed, believes and thereon alleges in further retaliation for Plaintiff's

3   protected activity, CRH changed her cell phone reimbursement rate from $35 to $25 despite the fact

4   Plaintiff had specifically negotiated this agreement with CRH when she was hired. Plaintiff is further

5   informed, believes and thereon alleges she went to then current director of CRH and requested that

6   her rate for cell phone reimbursement be reinstated to $35 CRH refused.

7       19    Plaintiff is informed, believes and thereon alleges on or about August 8, 2013,

8   Plaintiff obtain prior approval and permission to work from home for approximately 3-6 weeks due

9   to a scheduled surgical procedure, Plaintiff was undergoing.

10       20.    Plaintiff is informed, believes and thereon alleges on or about November 13, 2013,

11   during a harassment training and during discussions of protected class the CRH's CFO, Rich Ryan,

12   stated to Plaintiff, "if we known you were a veteran an disabled we would have never hired [you]"

13       21.    Plaintiff is informed, believes and thereon alleges on or about November 21, 2013,

14   in retaliation for Plaintiff's protected activity a negative performance evaluation was placed in

15   Plaintiff's personal inbox in the workroom. When Plaintiff requested a meeting with the director of

16   CRH to discuss the unsubstantiated poor performance evaluation, the CRH's director falsely accused

17   Plaintiff of illegally obtaining her performance evaluation and presented Plaintiff with a disciplinary

18   action form

19       22    Plaintiff is informed, believes and thereon alleges on or about November 22, 2013,

20   CRH's CEO, David Ballard, came to Plaintiff and during the meeting Mr. Ballard, asked Plaintiff if

21   she had a problem with him and proceeded to tell Plaintiff everything had always been quite in the

22   medical clinic prior to Plaintiff's employment with CRH Plaintiff informed Mr Ballard, prior to her

23   employment there had only been a nurse on duty for a total of 6 hours a week and if the medical

24   charts were audited he would find that they were out of compliance with CCL regulations and

25   standards. Mr Ballard then proceeded to tell Plaintiff that it seemed she is in the middle of

26   everything bad and specifically referenced the events and reporting relating to "E," Ms. Gooch and

27   TB compliance issues. Mr Ballard further told Plaintiff that it did not look good that Plaintiff was

28   always bringing up these issues, and that he had heard through rumors that Plaintiff had referred to

FERRES & ASSOCIATES
700 Capitol Mall, Suite 1100
Sacramento, CA 95814
916.446.2000

Exhibit 1

1  herself as a whistleblower and that he, Mr. Ballard, did not agree with this

2      23.     Plaintiff is informed, believes and thereon alleges in late November 2013, Plaintiff

3  approached her employer about Plaintiff working from home on a temporary basis until her back

4  surgery was scheduled as currently due to the nature of Plaintiff's back pain she was having

5  difficulty working an 8 hour day at work. CRH never responded to this request.

6      24.     Plaintiff is informed, believes and thereon alleges in violation of California Labor

7  Code §1102.5 and in further retaliation for Plaintiff's protected activity of making mandated reports

8  CRH unlawfully and illegally terminated Plaintiff's employment on or about February 11, 2014.

9      25.     Plaintiff on or about December 5, 2013, made a formal request to CRH for

10  FMLA/CFRA paperwork due to Plaintiff's own serious health condition. Plaintiff is further

11  informed, believes and thereon alleges despite Plaintiff's repeated request for FMLA Healthcare

12  Provider Certification paperwork, CRH never provided the paperwork to Plaintiff.  Plaintiff is

13  further informed, believes and thereon alleges after requesting to no avail FMLA paperwork from

14  CRH HR department, Plaintiff engaged in self-help and obtained the necessary paperwork from the

15  Department of Labor's website.  Plaintiff's medical provider filled out the necessary certification

16  paperwork and provided the FMLA paperwork to CRH on or about December 6, 2013 via email.

17      26.     Plaintiff is informed, believes and thereon alleges in violation of 29 CFR §825.

18  300(c)(5)(e) CRH failed to provide Plaintiff with any paperwork or communication indicating what

19  rights Plaintiff had under FMLA, including but not limited to, informing Plaintiff whether or not her

20  FMLA was approved, informing Plaintiff how much FMLA time Plaintiff had available to utilize,

21  and failing to informing Plaintiff of when her FMLA leave time would expire. Plaintiff is further

22  informed, believes and thereon alleges CRH failed to provide any type of paperwork or

23  communicate orally with Plaintiff as required under FMLA laws and regulations.

24      27.     Plaintiff is further informed, believes and thereon alleges CRH further interfered

25  with her FMLA rights by terminating her employment on or about February 11, 2014, and provided

26  such notice of termination via correspondence dated February 14, 2014, in violation of 29 U.S.C.A §

27  2615.

28      28.     Plaintiff is informed, believes and thereon alleges based upon her protected activity

Exhibit 1

1   of requesting FMLA/CRFA leave of absence for her personal serious health condition, CRH
2   retaliated against Plaintiff for engaging in such protected activity, in violation of California
3   Government Code section 12945 2.

4       29.    Plaintiff is informed, believes and thereon alleges based upon her need for medical
5   leave to care for Plaintiff's own serious health condition discriminated against Plaintiff by
6   terminating her employment in violation of 29 U.S C A § 2615.

7       30.    Plaintiff is informed, believes and thereon alleges on January 2, 2014, Plaintiff sent
8   CRH's HR representative an email inquiring, once again, into the status of her FMLA request. As
9   well, Plaintiff inquired and requested that her employer CRH open the lines of communication as
10  Plaintiff understood her state of temporary disability may last longer than her allotted FMLA/CRFA
11  leave available and was requesting CRH to engage in the interactive process and for the parties
12  (Plaintiff and CRH) to figure out a reasonable accommodation for Plaintiff's state of temporary
13  disability Plaintiff is further informed, believes and thereon alleges she never received a response
14  from CRH to this inquiry and request for a reasonable accommodation and in fact never once did
15  CRH attempt to engage in the interactive process with Plaintiff and provide Plaintiff with a
16  reasonable accommodation

17      31.    Plaintiff has exhausted her administrative remedies with the California Department
18  of Fair Housing and Employment ("DFEH") against CRH.  A true and correct copy of Plaintiff's
19  complaint under the Provisions of the DFEH against CRH is attached hereto as Exhibit A.  Also
20  attached hereto as Exhibit B is Plaintiff's Notice of Case Closure.

21  <center>**FIRST CAUSE OF ACTION**</center>

22  <center>*(Disability Discrimination in Violation of California Fair Employment and Housing Act,*</center>

23  <center>*California Government Code Section 12920, et seq., Against CRH)*</center>

24      32.    The Plaintiff hereby re-alleges and incorporates by reference all previous allegations
25  as though fully set forth herein.

26      33.    CRH is subject to suit under the California Fair Employment and Housing Act
27  (hereinafter "FEHA"), Government Code Section 12920 *et seq.*  CRH is an employer who regularly
28  employs more than five persons

FENJES & ASSOCIATES
100 Cebbil Hall, Suite 1100
Sacramento, CA 95814
916 446 2662

PLAINTIFF'S COMPLAINT          8.

Exhibit 1

1    34.    Plaintiff is informed, believes and thereon alleges that she suffers from a recognized

2    temporary disability

3    35.    Plaintiff is informed, believes and thereon alleges that under FEHA a temporary

4    physical disability includes, but is not limited to, chronic back pain requiring surgery.

5    36.    Plaintiff is informed, believes and thereon alleges that CRH has discriminated

6    against Plaintiff because of her legally recognized disability and instead of applying Plaintiff's

7    unused FMLA/CFRA credits, CRH separated Plaintiff from her employment.   Although disabled,

8    Plaintiff is qualified to perform the essential functions of her job if reasonably accommodated by

9    CRH   CRH has refused and continues to refuse to reasonably accommodate Plaintiff and chose

10   instead to sever her employment based upon Plaintiff's disability

11   37.    CRH'S discriminatory action against Plaintiff constituted unlawful employment

12   practice in violation of FEHA.  Such discriminatory conduct has caused, and on information and

13   belief, will continue to cause Plaintiff the loss of wages, salary, benefits, intangible benefits, and

14   additional amounts of money she would have received had she not been harassed and discriminated

15   against, based upon her disabilities, in an amount according to proof.

16   38.    A further and proximate result of the above-referenced actions against Plaintiff,

17   Plaintiff has suffered humiliation, embarrassment, anxiety, mortification, mental anguish, and

18   emotional distress

19   39.    Because of such discrimination and consequent harm, Plaintiff has suffered damages

20   and attorney's fees according to proof, and on information and belief, will continue to do so in the

21   future.

22   WHEREFORE, Plaintiff prays for judgment against CRH as hereinafter set forth.

23   <u>SECOND CAUSE OF ACTION</u>

24   *(Failure to Engage In The Interactive Process in Violation of California Government*

25   *Code Section 12940 (n.))*

26   40.    Plaintiff hereby re-alleges and incorporates by reference all previous allegations as

27   though fully set forth herein.

28   41.    Plaintiff is informed, believes, and thereon alleges, at all times during the period of

Exhibit 1

1   Plaintiff's employment with CRH, California Government Code sections 12926 1(a), 12926.1(e),

2   and 12940(n), were in full force and effect and were binding on CRH, as CRH is an employer that

3   regularly employs more than five persons.   These subsections make it an unlawful employment

4   practice for an employer to fail to engage in a timely, good faith interactive process with the

5   employee or applicant to determine effective reasonable accommodations, if any, in response to a

6   request for reasonable accommodation by an employee or applicant with a known physical or mental

7   disability or known medical condition.

8       42.   Plaintiff is informed, believes and thereon alleges she had and does suffer from a

9   temporary physical disability and, at all times mentioned herein, CRH knew or should have known

10  that Plaintiff did in fact suffer from a known and recognized temporary disability

11      43.   Plaintiff is informed, believes, and thereon alleges, from the inception of her

12  temporary physical disability up to the date Plaintiff was terminated, Plaintiff requested a reasonable

13  accommodation for her known disability, so that Plaintiff would be able to perform the essential

14  requirements of her position, including but not limited to a short leave of absence from her

15  employment.

16      44.   Plaintiff is informed, believes, and thereon alleges, at all times mentioned herein, that

17  Plaintiff was willing and able to participate in an interactive process to determine whether a

18  reasonable accommodation could be made so that Plaintiff would be able to perform the essential job

19  requirements.

20      45.   Plaintiff is informed, believes, and thereon alleges, despite being on actual notice that

21  Plaintiff had requested a reasonable accommodation for her disabilities, CRH failed to participate in

22  a timely, good faith interactive process with Plaintiff to determine whether a reasonable

23  accommodation could be made in violation of Government Code Section 12940(n)

24      46.   Plaintiff is informed, believes and thereon alleges, because CRH's failure to engage

25  in the interactive process, CRH's conduct has caused Plaintiff to suffer the loss of wages, salary,

26  benefits, intangible benefits, and additional amounts of money she would have received had she not

27  been discriminated against, based upon her disability, in amount according to proof.

28      47.   As a further and proximate result of CRH's failure to engage in a good faith

COHEN & ASSOCIATES
Etc Capital Mall, Suite 1020
Sacramento, CA 95814
916 442-2991

PLAINTIFF'S COMPLAINT                    10.

Exhibit 1

1   interactive process, Plaintiff has suffered humiliation, embarrassment, anxiety, mortification, mental

2   anguish, and emotional distress

3       48.     The above-referenced actions of CRH were done with malice, fraud, or oppression,

4   and in reckless disregard of Plaintiff's rights under FEHA, so as to justify an award for punitive

5   damages

6       49.     Because of such discrimination and consequent harm, Plaintiff has suffered damages

7   and attorneys' fees according to proof and, on information and belief, will continue to do so in the

8   future

9       50.     Plaintiff is informed, believes, and thereon alleges CRH's failure to engage in a good

10  faith interactive process was a substantial factor in causing harm to Plaintiff.

11      WHEREFORE, Plaintiff prays for judgment against CRH as hereinafter set forth.

12                              <u>**THIRD CAUSE OF ACTION**</u>

13      *(Failure to Provide a Reasonable Accommodation in Violation of California Fair Employment*

14              *and Housing Act, California Government Code Section 12920(m))*

15      51.     Plaintiff hereby re-alleges and incorporates by reference all previous allegations as

16  though fully set forth herein.

17      52.     Plaintiff is informed, believes, and thereon alleges, at all times during the period of

18  Plaintiff's employment with CRH, California Government Code sections 12926.1(a), 12926.1(e),

19  12940(m), and 12940(n), were in full force and effect and were binding on CRH, as CRH is an

20  employer that regularly employs more than five persons. These subsections make it an unlawful

21  employment practice for an employer to fail to engage in a timely, good faith interactive process

22  with the employee to determine effective reasonable accommodations, if any, in response to a

23  request for reasonable accommodation by an employee or applicant with a known physical or mental

24  disability or known medical condition. These subsections also impose a continuing mandatory duty

25  upon employers to make reasonable accommodations for the known physical or mental disabilities

26  of an employee so as to allow a disabled employee to continue or resume working. "Reasonable

27  accommodation" may, but do not necessarily include, making existing facilities readily accessible to

28  and usable by the disabled employee, job restructuring (i.e. schedules and responsibilities),

Exhibit 1

1   reassignment to a vacant position, part-time or modified work schedules, modification of equipment

2   and training policies, as well as extended medical leave.

3       53      Plaintiff is informed, believes, and thereon alleges, at all times mentioned herein,

4   Plaintiff had and does suffer from a physical temporary disability that limits a major life activity.

5       54      Plaintiff is informed, believes, and thereon alleges, at all material times mentioned

6   herein, CRH knew Plaintiff to be an individual with a physical temporary disability that limited at

7   least one major life activity

8       55.     Plaintiff is informed, believes, and thereon alleges, from the inception of her physical

9   temporary disability up to the date Plaintiff was terminated, Plaintiff requested a reasonable

10  accommodation for her known disability, so that Plaintiff would be able to perform the essential

11  requirements of her position.

12      56      Plaintiff is informed, believes, and thereon alleges, at all times mentioned herein,

13  Plaintiff was willing and able to participate in an interactive process to determine whether a

14  reasonable accommodation could be made so that Plaintiff would be able to perform the essential job

15  requirements

16      57.     Plaintiff is informed, believes, and thereon alleges CRH failed and/or refused to

17  participate in a timely, good faith interactive process with Plaintiff to determine whether reasonable

18  accommodation could be made.

19      58.     Plaintiff is informed, believes, and thereon alleges, at all times mentioned herein,

20  Plaintiff was able to perform the essential functions of her position with a reasonable

21  accommodation for her disability.

22      59.     Plaintiff is informed, believes and thereon alleges, despite being on actual notice that

23  Plaintiff had requested a reasonable accommodation for her disability, CRH failed to provide such a

24  reasonable accommodation in violation of Government Code section 12940(m)

25      60.     Plaintiff is informed, believes, and thereon alleges, because of CRH's failure to

26  provide a reasonable accommodation, CRH's conduct has caused and, on information and belief,

27  will continue to cause Plaintiff the loss of wages, salary, benefits, intangible benefits, and additional

28  amounts of money she would have received had she not been discriminated against, based upon her

FENTON & ASSOCIATES
1020 Capitol Mall, Suite 1800
Sacramento, CA 95814
916.438.3800

PLAINTIFF'S COMPLAINT                                    12.

Exhibit 1

1    disability, in an amount according to proof.

2         61.    As a further and proximate result of CRH's failure to provide Plaintiff with a

3    reasonable accommodation, Plaintiff has suffered humiliation, embarrassment, anxiety,

4    mortification, mental anguish, and emotional distress.

5         62    The above-recited actions of CRH were done with malice, fraud, or oppression, and

6    in reckless disregard of Plaintiff's rights under CRH, so as to justify an award for punitive damages

7         63.    Because of such discrimination and consequent harm, Plaintiff has suffered damages

8    and attorneys' fees according to proof and, on information and belief, will continue to do so in the

9    future

10        64.    Plaintiff is informed, believes, and thereon alleges CRH's failure to accommodate

11   Plaintiff was a substantial factor in causing harm to Plaintiff.

12        WHEREFORE, Plaintiff prays for judgment against CRH as hereinafter set forth

13

14                              **FOURTH CAUSE OF ACTION**
                 (Retaliation in Violation of Lab. Code § 1102.5 against the Defendant CRH)

15        65.    Plaintiff alleges this fourth and separate claim for Retaliation in violation of Labor

16   Code § 1102.5 against Defendant CRH.

17        66.    Plaintiff incorporates by reference herein the allegations contained in Paragraphs 1

18   through 31 above, inclusive.

19        67    At all material times herein, Labor Code § 1102.5 was in effect, and provides in

20   pertinent part:

21

22            1102 5  "(a) An employer, or any person acting on behalf of the employer, shall
             not make, adopt, or enforce any rule, regulation, or policy preventing an
23            employee from disclosing information to a government or law enforcement
             agency, to a person with authority over the employee, or to another employee
24            who has authority to investigate, discover, or correct the violation or
             noncompliance, or from providing information to, or testifying before, any public
25            body conducting an investigation, hearing, or inquiry, if the employee has
             reasonable cause to believe that the information discloses a violation of or
26            noncompliance with a local, state, or federal rule or regulation, regardless of
             whether disclosing the information is part of the employee's job duties
27
28            (b) An employer, or any person acting on behalf of the employer, shall not
             retaliate against an employee for disclosing information or because the employer

Exhibit 1

*believes that the employee disclosed or may disclose information. to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discovery, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local. state or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.*

*(c) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation "*

68.    Plaintiff reported her reasonable suspicions about illegal, non-compliant, and unsafe care and conditions of children within the receiving home, including but not limited to suspected sexual abuse of minors (Cal.Penal Code §11164, *et seq* ), to her employer, through its agents David Ballard, Karen Gregg, Anna Nafiy, Norma Thomson, and to CCL  The Defendant, CRH, knew of Plaintiff's whistleblowing reports protected by Section 1102.5 of the Labor Code

69.    The Defendant, SENECA, engaged in a continuous and ongoing pattern and practice of discrimination and retaliation against Plaintiff because she engaged in activity protected by Section 1102.5 of the Labor Code

70.    Plaintiff's activity protected by Section 1102 5 of the Labor Code was a contributing factor in the continuous pattern and practice of discrimination and retaliation of the Defendant, CRH, against Plaintiff as described in this complaint.

WHEREFORE Plaintiff prays judgment against CRH, as hereinafter set forth.

## FIFTH CAUSE OF ACTION

*(Interference with California Family Rights Act, California Government Code Section 12945.2*

*Against CRH)*

71    The Plaintiff hereby re-alleges and incorporates by reference all previous allegations as though fully set forth herein

72.    Plaintiff is informed, believes and thereon alleges that CRH is an employer covered by and subject to the California Family Rights Act (hereinafter "CFRA"), California Government Code § 12945 2 *et seq* , because CRH employed fifty (50) or more employees for each working day

Exhibit 1

1    during each of the twenty (20) or more calendar workweeks preceding and following the requested

2    and/or taken leave periods

3        73.     Plaintiff is informed, believes and thereon alleges that Plaintiff is a member of the

4    class of persons entitled to protected medical and/or family leave under the CFRA. Specifically,

5    Plaintiff worked for more than one (1) year for CRH and worked in excess of one thousand two

6    hundred and fifty (1,250) hours in the preceding twelve (12) month period prior to her requested

7    and/or taken leave(s)  Plaintiff further alleges that she suffers from a personal serious health

8    condition.

9        74      Plaintiff is informed, believes and thereon alleges that Plaintiff gave reasonable

10   notice to CRH of her need for protected medical leave, including providing notes from her doctor

11   substantiating Plaintiff's known serious health condition

12       75      Plaintiff is informed, believes and thereon alleges that CRH violated the CFRA and

13   by unlawfully denying and refusing to provide Plaintiff with all the necessary and required

14   information regarding and relating to her request for  CFRA, including but not limited to providing

15   Plaintiff with the necessary and required form to provide to her medical provider, informing Plaintiff

16   how much if an CFRA leave Plaintiff had available and when it was anticipated Plaintiff's CFRA

17   would leave would run out/expire. Plaintiff is further informed, believes and thereon alleges that

18   CRH instead of applying all of Plaintiff's CFRA time available, unlawfully terminated Plaintiff well

19   she still had qualifying CRFA leave available.

20       76.     Plaintiff is informed, believes and thereon alleges that CRH's failure to apply

21   Plaintiff's CFRA time to Plaintiff's qualifying absences has caused, and on information and belief,

22   will continue to cause Plaintiff the loss of wages, salary, benefits, intangible benefits, and additional

23   amounts of money she would have received had CRH properly and in accordance the law applied

24   Plaintiff's available CFRA time, in an amount according to proof at trial.

25       77.     Because of such interference, discrimination and consequent harm, Plaintiff has

26   suffered damages and attorney's fees according to proof, and on information and belief, will

27   continue to do so in the future.

28       WHEREFORE, Plaintiff prays for judgment against CRH as hereinafter set forth.

Exhibit 1

## SIXTH CAUSE OF ACTION

*(Interference with Family Medical Leave Act, 29 U.S.C. Section 2601, et seq., Against CRH)*

78.    The Plaintiff hereby re-alleges and incorporates by reference all previous allegations as though fully set forth herein.

79.    Plaintiff is informed, believes and thereon alleges that CRH is an employer covered by and subject to the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. §§ 2601 *et seq.*, because CRH employed fifty (50) or more employees for each working day during each of the twenty (20) or more calendar workweeks preceding and following the requested and/or taken leave periods.

80.    Plaintiff is informed, believes and thereon alleges that Plaintiff is a member of the class of persons entitled to protected medical and/or family leave under FMLA. Specifically, Plaintiff worked for more than one (1) year for CRH and worked in excess of one thousand two hundred and fifty (1,250) hours in the preceding twelve (12) month period prior to her requested and/or taken leave(s). Plaintiff further alleges that she suffered from a serious health condition.

81.    Plaintiff is informed, believes and thereon alleges that Plaintiff gave reasonable notice to CRH of her need for protected medical leave, including providing notes from her doctor substantiating Plaintiff's known serious health condition.

82.    Plaintiff is informed, believes and thereon alleges that CRH violated the FMLA and by unlawfully denying and refusing to provide Plaintiff with all the necessary and required information regarding and relating to her request for FMLA, including but not limited to providing Plaintiff with the necessary and required form to provide to her medical provider, informing Plaintiff how much if an FMLA leave Plaintiff had available and when it was anticipated Plaintiff's FMLA would leave would run out/expire. Plaintiff is further informed, believes and thereon alleges that CRH instead of applying all of Plaintiff's FMLA time available, unlawfully terminated Plaintiff well she still had qualifying FMLA leave available.

83    Plaintiff is informed, believes and thereon alleges that CRH's interference and failure to apply Plaintiff's FMLA time to Plaintiff's qualifying absences has caused, and on information and belief, will continue to cause Plaintiff the loss of wages, salary, benefits, intangible benefits, and

FENTON & ASSOCIATES
330 Cityscape, Suite 1400
Scottsdale, CA 93411
916.444.7035

Exhibit 1

1   additional amounts of money she would have received had CRH applied Plaintiff's available FMLA

2   time, in an amount according to proof at trial

3   84   Because of such discrimination and consequent harm, Plaintiff has suffered damages

4   and attorney's fees according to proof, and on information and belief, will continue to do so in the

5   future

6   WHEREFORE, Plaintiff prays for judgment against CRH as hereinafter set forth

7

8   ## SEVENTH CAUSE OF ACTION
(Retaliation in Violation of Government Code §12945.2(l) against the Defendant CRH)

9   85   The Plaintiff hereby re-alleges and incorporates by reference all previous allegations

10   as though fully set forth herein.

11   86   Plaintiff is informed, believes and thereon alleges she was eligible for medical leave,

12   as she was suffering from a personal serious temporary disability which requires Plaintiff to undergo

13   major back surgery

14   87.   Plaintiff is informed, believes and thereon alleges timely request medical leave from

15   her employer CRH

16   88.   Plaintiff is informed, believes and thereon alleges CRH in violation of California

17   Government Code §12945.2(l) unlawful and retaliation for her protected leave terminated Plaintiff's

18   employment with CRH.

19   89   Plaintiff is informed, believes and thereon alleges request and taking of personal

20   medical leave was a substantial motivating reason for terminating Plaintiff's employment with CRH

21   85.   Plaintiff is informed, believes and thereon alleges that CRH's unlawful termination of

22   Plaintiff's employment has caused, and on information and belief, will continue to cause Plaintiff the

23   loss of wages, salary, benefits, intangible benefits, and additional amounts of money she would have

24   received had CRH not engaged in the unlawful conduct and terminated her employment.

25   86.   Plaintiff is informed, believes and thereon alleges CRH's retaliatory conduct was a

26   substantial factor in causing Plaintiff's harm   Because of such retaliation, Plaintiff has suffered

27   damages and attorney's fees according to proof, and on information and belief, will continue to do so

28   in the future

FERRIS & ASSOCIATES
300 Capitol Mall, Suite 1800
Sacramento, CA 95814
916.446.2000

Exhibit 1

1    WHEREFORE, Plaintiff prays for judgment against CRH as hereinafter set forth.

2    ## EIGHTH CAUSE OF ACTION

3    *(Discrimination in Violation of Family Medical Leave Act, 29 U.S.C. Section 2601, et seq.,*

4    *Against CRH)*

5    87.    The Plaintiff hereby re-alleges and incorporates by reference all previous allegations

6    as though fully set forth herein.

7    88    Plaintiff is informed, believes and thereon alleges she was eligible for medical leave,

8    as she was suffering from a personal serious temporary disability which requires Plaintiff to undergo

9    major back surgery which required Plaintiff to be under the continuing treatment by a health care

10   provider.

11   89.    Plaintiff is informed, believes and thereon alleges timely request medical leave from

12   her employer CRH.

13   90    Plaintiff is informed, believes and thereon alleges CRH, in violation of FMLA,

14   unlawful and retaliation for her protected leave terminated Plaintiff's employment with CRH.

15   91.    Plaintiff is informed, believes and thereon alleges request and taking of personal

16   medical leave was a motivating reason for terminating Plaintiff's employment with CRH.

17   92.    Plaintiff is informed, believes and thereon alleges that CRH's unlawful termination of

18   Plaintiff's employment has caused, and on information and belief, will continue to cause Plaintiff the

19   loss of wages, salary, benefits, intangible benefits, and additional amounts of money she would have

20   received had CRH not engaged in the unlawful conduct and terminated her employment.

21   93.    Plaintiff is informed, believes and thereon alleges CRH's conduct was a substantial

22   factor in causing Plaintiff's harm.  Because of such retaliation, Plaintiff has suffered damages and

23   attorney's fees according to proof, and on information and belief, will continue to do so in the future.

24   WHEREFORE, Plaintiff prays for judgment against CRH as hereinafter set forth.

25   ## NINTH CAUSE OF ACTION

26   *(Wrongful Termination in Violation of Public Policy Against CRH)*

27   94.    Plaintiff hereby re-alleges and incorporates by reference all previous allegations as

28   though fully set forth herein.

Exhibit 1

95.   Plaintiff is informed, believes, and thereon alleges that, as alleged above, Plaintiff was wrongfully terminated, including but not limited to, in violation of California Labor Code §1102 5, California Government Code §§12940, et seq , 12920, et seq, California Government Code §12945 2, and 29 U S C §2601, et seq

96   Plaintiff is informed, believes, and thereon alleges that CRH terminated Plaintiff because of Plaintiff's protected activity as forth more fully above   Plaintiff is further informed, believes, and thereon alleges CRH retaliated against Plaintiff by terminating Plaintiff because of the various protected activity Plaintiff had engaged in as set forth more fully above

97.   Plaintiff is informed, believes, and thereon alleges that, as a proximate and legal result of CRH's conduct, Plaintiff has suffered, among other things, the loss of wages, salary, lost future earnings, intangible benefits, and additional amounts of money Plaintiff would have received had Plaintiff not been subjected to such retaliation, in an amount according to proof and in excess of the jurisdictional minimum of this Court and, on information and belief, will continue to do so in the future.

98.   Plaintiff is informed, believes, and thereon alleges that, as a further proximate result of the above-referenced actions against Plaintiff, Plaintiff has suffered humiliation, embarrassment, anxiety, mortification, mental anguish and emotional distress.   Because of the retaliation and consequent harm Plaintiff has suffered damages and attorney's fees in an amount according to proof and in excess of the jurisdictional minimum of this Court, and on information and belief, will continue to do so in the future

99.   Plaintiff is informed, believes, and thereon alleges that the aforementioned conduct by CRH was willful, oppressive, fraudulent and malicious and therefore Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays for judgment against CRH, as hereinafter set forth

## TENTH CAUSE OF ACTION

*(Plaintiffs' Claims for Injunctive Relief Against CRH.)*

100.   Plaintiff hereby re-allege and incorporate by reference all previous allegations as though fully set forth herein.

Exhibit 1

1    101    The wrongful conduct of CRH as described above, unless restrained and enjoined by
2    this court, will cause great and irreparable damage and harm to Plaintiff in that the unlawful
3    retaliation, discrimination, and harassment presently and formerly occurring at CRH will continue in
4    perpetuity

5    102    Plaintiff has no adequate remedy at law for the injuries and damages Plaintiff has
6    suffered, and will continue to suffer in the future unless CRH's wrongful conduct is restrained and
7    enjoined, because it is, and will be, impossible for Plaintiff to determine the precise amount of
8    damages, and no amount of money can compensate Plaintiff for the injuries described in this
9    complaint .

10    WHEREFORE, Plaintiff prays for judgment against CRH, as hereinafter set forth.

11

12    ## PRAYER

13    WHEREFORE, Plaintiff prays for judgment against CRH, as hereinafter set forth:

14    1.    For special damages, where applicable;

15    2    For liquidated damages, where applicable;

16    3    For attorneys' fees, where applicable;

17    4.    For prejudgment interest, where applicable;

18    5    For costs of suit herein incurred;

19    6    For punitive damages, where applicable;

20    7.    For preliminary and permanent injunctive relief; and

21    8.    For such other and further relief as the Court may deem proper.

22

23    Dated: April___, 2014                    PERKINS & ASSOCIATES

24

25

26    By: _____
        Natalia D Asbill
27        Attorneys for Plaintiff
        TINA CANUPP

28

Exhibit 1

# EXHIBIT A

Exhibit 1



STATE OF CALIFORNIA - Business, Consumer Services and Housing Agency

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TTY 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR PHYLLIS W. CHENG

Mar 20, 2014

Tina Canupp
8044 Hidden View Court
Fair Oaks, CA 95628

RE:  Notice of Case Closure and Right to Sue
     DFEH Matter Number: 229851-97213-R
     Right to Sue: Canupp / Children's Receiving Home of Sacramento,

Dear Tina Canupp:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Mar 20, 2014 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures
cc:  Children's Receiving Home of Sacramento

Exhibit 1

# EXHIBIT B

Exhibit 1

STATE OF CALIFORNIA · Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                           DIRECTOR PHYLLIS W. CHENG
2218 Kausen Drive  Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TTY 800-700-2320
www.dfeh.ca.gov | email  contact.center@dfeh.ca.gov

Mar 20  2014

RE:  Notice of Filing of Discrimination Complaint
     DFEH Number: 229851-97213-R
     Right to Sue: Canupp / Children s Receiving Home of Sacramento

To All Respondent(s):

Enclosed is a copy of an complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960  This constitutes service of the complaint pursuant to Government Code section 12962.  A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,

Department of Fair Employment and Housing

Exhibit 1



STATE OF CALIFORNIA / Department of Fair Employment and Housing                    EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE
## CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

229851-97213-R

Tina Canupp

| RESPONDENT | ADDRESS | PHONE |
|---|---|---|
| Children s Receiving Home of Sacramento | 3555 Auburn Blvd. Sacramento CA 95821 | (916) 482-2370 |

| NO OF EMPLOYEES | MOST RECENT DISCRIMINATION TOOK PLACE | TYPE OF EMPLOYER |
|---|---|---|
| 125 | Feb 11, 2014 | Private Employer |

CO RESPONDENTS                                                                ADDRESS

DATE FILED   Mar 20, 2014
MODIFIED     Mar 20 2014

REVISED JAN 2014
PAGE 1/3

Exhibit 1



STATE OF CALIFORNIA Department of Fair Employment and Housing                    EMPLOYMENT RIGHTS TO FILE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE
## CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

229851-97213-R

| DESCRIPTION OF TYPE FILED | Discrimination Retaliation |
| DATE FILED | Feb 11, 2014 |
| BASIS OF | Disability, Engagement in Protected Activity, Family Care or Medical Leave, Medical Condition - including Cancer |
| ACTS COMPLAINED | Denied a work environment free of discrimination and/or retaliation, Denied family care or medical leave, Denied reasonable accommodation. Terminated |

STATEMENT OF FACTS

As a mandated reporter I made a report of suspected improper sexual conduct of an employee of CRH in late 2012 to the appropriate management team of CRH. In addition, in my position as the Health and Wellness Manager, I also would bring to the attention of CRH that it was not incompliance with CCL. I believed I was being unlawfully subjected to retaliation by my employer because of my protected activity under the law and because of my personal medical condition/disability. I was repeatedly subjected to continuous harassment and retaliation by CRH upper management. Also, on or about the week of December 5, 2013. I requested FMLA/CFRA leave from my employer for a personal major life illness. My employer failed to provide me with any of the required paperwork for FMLA/CFRA, despite my repeated request for this information. On or about February 13. 2014, while I was still on a medical leave of absence, I received correspondence from my employer terminating my employment as of February 11, 2014. I believe my termination is in violation of FMLA/CFRA, as I still had available leave time under both FMLA/CFRA. I also believe the termination is an attempt of my employer to interfere with my FMLA/CFRA leave rights and was in direct retaliation for me requesting and taking FMLA/CFRA leave. I also believe the termination is a direct result of my disability and that my employer failed to engage in the interactive process to see if there was a reasonable accommodation for my disability, despite my repeated request for a reasonable accommodation

Exhibit 1



STATE OF CALIFORNIA · Department of Fair Employment and Housing                    EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE
### CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

229851-97213-R

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

Verified by Natalia D. Asbill, Attorney for Complainant and dated on Mar 20, 2014 at Sacramento, CA

---

Exhibit 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Natalia D Asbill, SBN: 281860
Perkins & Associates
300 Capitol Mall, Suite 1800
Sacramento, CA 95814
TELEPHONE NO: 916-446-2000    FAX NO: 916-447-6400
ATTORNEY FOR (Name): nasbill@perkins-lawoffice.com

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento
STREET ADDRESS: 720 9th
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME:

**FOR COURT USE ONLY**

FILED
Superior Court Of California,
Sacramento
04/24/2014
ambrzanu
By                        , Deputy
Case Number:

CASE NAME:
Tina Canupp v. Children's Receiving Home of Sacramento

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 34-2014-00162514 |
|---|---|---|
| ☑ Unlimited   ☐ Limited | ☐ Counter   ☐ Joinder | |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 9- Disability Discrimination in Violation of FEHA, Failure to Engage in the
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case (You may use form CM-015.)

Date: April 22, 2014

Natalia, D. Asbill
_____(TYPE OR PRINT NAME)_____            _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]            **CIVIL CASE COVER SHEET**            Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exhibit 2

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Children s Receiving Home of Sacramento; and DOES 1 -25

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

</td></tr>
</table>

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Tina Canupp

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You h...30 CALENDAR DAYS after this summons and legal papers are served on you, to file a written response at this court and have a copy served...e plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case...may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online ...-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the ... ...for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money and property may ...without further warning from the court.

...other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney refer...If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate the ...groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs ...any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*...DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y ...que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en fo...legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede e... rar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la bibliote...reyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que ... formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le po ...r su sueldo, dinero y bienes sin más advertencia.*

*Ha... ...requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisió...abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un progr...e servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org) en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*

720 9th Street, Sacramento, CA 95814

</td><td>

**CASE NUMBER:**
*(Número del Caso)*

34201400162574

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Natalia D. Asbill, Perkins & Associates, 300 Capitol Mall, Suite 1800, Sacramento, CA 95814

<table>
<tr><td>

DATE:
*(Fecha)*

APR 2 5 2014

</td><td>

Clerk, by
*(Secretario)*

A. MOCANU

</td><td>

, Deputy
*(Adjunto)*

</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Children's Receiving Home of Sacramento

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Accepted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1 2009]          SUMMONS          Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit 3

| | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO<br>STREET ADDRESS  720 Ninth STREET<br><br>MAILING ADDRESS  720 Ninth STREET<br><br>CITY AND ZIPCODE  Sacramento, CA 95814-1311<br><br>BRANCH NAME:       Gordon D Schaber Courthouse<br><br>PHONE NUMBER:      (916) 874-5522 | |

| SHORT TITLE:        Canupp vs Children's Receiving Home of Sacramento | |
|---|---|

| NOTICE OF CASE MANAGEMENT CONFERENCE<br>AND ORDER TO APPEAR | CASE NUMBER:<br><br>34-2014-00162514-CU-OE-GDS |
|---|---|

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 02/26/2015 in Department  36  in accordance with California Rules of Court 212   You must be familiar with the case and fully prepared to participate effectively in the case management conference

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference  Parties are encouraged to file a single joint case management statement

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
  -Served all parties named in the complaint within 60 days after the summons has been issued
  -Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
  -Met and conferred with all parties as required by CRC 212 (I) to discuss and resolve issues set forth therein

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice  The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days  The certification shall be filed in lieu of a case management statement.

---

Exhibit 4

Compliance
Failure to comply with this notice or to appear at the case management conference may result in the imposition of
sanctions (including dismissal of the case, striking of the answer, or payment of money)

Continuances
Case management conference will not be continued except on a showing of good cause. If your case management
conference is continued on motion or by the court on its own motion all parties shall file and serve a new case
management statement at least 15 calendar days before the continued case management conference

Dated: 04/25/2014

_Gerrit W. Wood_

Gerrit W. Wood, Judge of the Superior Court

Exhibit 4

1  KIMBERLEY A. WORLEY, State Bar No. 119299
   HOLDEN LAW GROUP
2  1522 Lincoln Way
   Auburn, CA 95603-5015
3  Telephone:    530.888.0901
   Facsimile:    530.888.0902
4
   Attorneys for Defendant
5  CHILDREN'S RECEIVING HOME
   OF SACRAMENTO
6
7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                      COUNTY OF SACRAMENTO
10

| | |
|---|---|
| 11  TINA CANUPP | Case No. 34-2014-00162514 |
| 12              Plaintiff, | [UNLIMITED JURISDICTION] |
| 13          v. | **DEFENDANT'S UNVERIFIED ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| 14  CHILDREN'S RECEIVING HOME OF SACRAMENTO; and DOES 1 to 25, | |
| 15  inclusive | Complaint Filed:  April 24, 2014 |
| 16              Defendants. | |

17

18      Comes now Children's Receiving Home of Sacramento (hereinafter "Defendant") and in answer

19  to Tina Canupp's (hereinafter "Plaintiff") Complaint (hereinafter "Complaint") admits, denies and

20  alleges as follows:

21      Defendant denies each and every, all and singular, of the allegations contained in Plaintiff's

22  Complaint, conjunctively and disjunctively, and further denies that Plaintiff has sustained any damages

23  in the sums alleged, or any other sum, or at all, and further, generally and specifically denies that Plaintiff

24  is entitled to any relief whatsoever.

25

26                        **AFFIRMATIVE DEFENSES**

27      1.    AS A FIRST SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT

28  ALLEGES THAT Plaintiff has failed to state facts sufficient to constitute a cause of action.

                                    1.

**DEFENDANT'S UNVERIFIED ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**                    Exhibit 5

2      AS A SECOND SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff has failed to mitigate her damages.

3.      AS A THIRD SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff, by her actions, is barred in whole or in part by the doctrine of estoppel.

4.      AS A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff's claims are barred in whole or in part by the doctrine of laches.

5.      AS A FIFTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff's claims are barred by the applicable statute of limitations, including among others, California Government Code section 12960 and California Code of Civil Procedure sections 337(1), 338(a), 339(1) and (3), 340(a), (b, and (c) and 343.

6.      AS A SIXTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff has failed to exhaust her administrative remedies, including, but not limited to those remedies through the DLSE, FEHA and/or EEOC.

7.      AS A SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT the Complaint is uncertain.

8.      AS AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff's entire action is barred and/or her damages should be reduced based on after-acquired evidence learned by Defendant.

9.      AS A NINTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff is not ready, willing and able to work.

10.      AS A TENTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff abandoned and/or voluntarily resigned her position.

11.      AS AN ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

12.      AS A TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT the Complaint is barred in whole or in part because any conduct complained of was consented to and/or welcomed and/or ratified by Plaintiff

HOLDEN LAW
GROUP
1522 Lincoln Way
Auburn, CA 95603
530 888 0901

**DEFENDANT'S UNVERIFIED ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

Exhibit 5

13   AS A THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff's causes of action are barred in whole or in part by the doctrine of waiver.

14.   AS A FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff's claims are barred by her exclusive remedies under the California Workers' Compensation Act.

15.   AS A FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff's untimely filing and/or failure to exhaust administrative remedies with the DFEH or the EEOC is not cured by the doctrine of continuing violation.

16   AS A SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT to the extent Plaintiff complains of speech, Defendant is entitled to engage in matters of free speech.

17   AS A SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff failed to exhaust her contractual dispute resolution remedies with Defendant.

18   AS AN EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff failed to exhaust her internal remedies with Defendant.

19.   AS A NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff acted in bad faith and Defendant acted in good faith.

20.   AS A TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff's damages are limited by the avoidable consequences defense.

21   AS A TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff's causes of action do not entitle her to front pay.

22.   AS A TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT if the mixed motive rule applies to Plaintiff's causes of action, Plaintiff's claims are barred because Defendant had legitimate business reasons for its conduct.

23.   AS A TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff unreasonably failed to complain or report promptly to her

HOLDEN LAW
GROUP
1522 LINCOLN WAY
AUBURN, CA 95603
530 888 0901

3.

DEFENDANT'S UNVERIFIED ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT                    Exhibit 5

1    employer.

2        24.    AS  A  TWENTY-FOURTH  SEPARATE  AND  AFFIRMATIVE  DEFENSE,

3    DEFENDANT ALLEGES THAT Plaintiff did not engage in protected activity

4        25    AS  A  TWENTY-FIFTH  SEPARATE  AND  AFFIRMATIVE  DEFENSE,

5    DEFENDANT ALLEGES THAT Defendant's actions constituted reasonable discipline in that

6    Plaintiff's actions were either disruptive or otherwise detrimental to Defendant's legitimate business

7    interests.

8        26.    AS  A  TWENTY-SIXTH  SEPARATE  AND  AFFIRMATIVE  DEFENSE,

9    DEFENDANT ALLEGES THAT Defendant's investigation of Plaintiff's allegations did not support

10    Plaintiff's contentions

11        27    AS  A  TWENTY-SEVENTH  SEPARATE  AND  AFFIRMATIVE  DEFENSE,

12    DEFENDANT ALLEGES THAT Defendant's actions were privileged and/or justified

13        28.    AS  A  TWENTY-EIGHTH  SEPARATE  AND  AFFIRMATIVE  DEFENSE,

14    DEFENDANT ALLEGES THAT it is entitled to an offset from any damages awarded against it due to

15    Plaintiff's misuse of and other wrongful conduct related to Defendant's funds and resources

16        29.    AS  A  TWENTY-NINTH  SEPARATE  AND  AFFIRMATIVE  DEFENDANT,

17    DEFENDANT ALLEGES THAT Plaintiff deliberately withheld information from Defendant and/or

18    failed to cooperate fully and honestly in Defendant's investigations.

19        30.    AS A THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT

20    ALLEGES THAT Plaintiff is not disabled within the meaning of the law.  Among other reasons,

21    Plaintiff alleges in Paragraph 88 of her Complaint that her physical condition was "temporary" in

22    duration and nature and she fails to allege that this temporary condition limits a major life activity

23        31.    AS  A  THIRTY-FIRST  SEPARATE  AND  AFFIRMATIVE  DEFENSE,

24    DEFENDANT ALLEGES THAT Defendant made reasonable accommodations for Plaintiff's alleged

25    disability by, among other things, allowing her leave of absence in excess of her FMLA/CFRA

26    entitlement

27        32.    AS  A  THIRTY-SECOND  SEPARATE  AND  AFFIRMATIVE  DEFENSE,

28    DEFENDANT ALLEGES THAT Plaintiff was unable to perform the essential functions of her job in

HOLDEN LAW
GROUP
1522 LINCOLN WAY
AUBURN, CA 95603
530 888 0901

4

DEFENDANT'S UNVERIFIED ANSWER TO PLAINTIFF'S UNVERIFIED
COMPLAINT

Exhibit 5

a manner that would not endanger her health or safety even with reasonable accommodation because the job imposes an imminent and substantial degree of risk to Plaintiff

33.   AS   A   THIRTY-THIRD   SEPARATE   AND   AFFIRMATIVE   DEFENSE, DEFENDANT ALLEGES THAT Plaintiff was unable to perform the essential functions of her job at all even with reasonable accommodations.

34.   AS   A   THIRTY-FOURTH   SEPARATE   AND   AFFIRMATIVE   DEFENSE, DEFENDANT ALLEGES THAT further accommodation of Plaintiff's alleged disability would have imposed an undue hardship on Defendant

35.   AS   A   THIRTY-FIFTH   SEPARATE   AND   AFFIRMATIVE   DEFENSE, DEFENDANT ALLEGES THAT Plaintiff failed to or refused to participate in good faith in the interactive process to determine whether reasonable accommodations could be made for her.

36.   AS   A   THIRTY-SIXTH   SEPARATE   AND   AFFIRMATIVE   DEFENSE, DEFENDANT ALLEGES THAT Plaintiff has no rights under the FMLA and/or the CFRA as Plaintiff exhausted all leave entitlement under such laws and was not willing or able to return to work at the end of her protected leave of absence.

37.   AS   A   THIRTY-SEVENTH   SEPARATE   AND   AFFIRMATIVE   DEFENSE, DEFENDANT ALLEGES THAT Defendant's actions that Plaintiff contends violate California Labor Code section 1102 5 would have occurred for legitimate, independent reasons even if Plaintiff had not allegedly engaged in activities protected by section 1102 5 and, thus, such claims against Defendant must fail pursuant to Labor Code section 1102 6:

38.   AS   A   THIRTY-EIGHTH   SEPARATE   AND   AFFIRMATIVE   DEFENSE, DEFENDANT ALLEGES THAT Plaintiff did not perform all duties as required of her position and the law.

39   AS   A   THIRTY-NINTH   SEPARATE   AND   AFFIRMATIVE   DEFENSE, DEFENDANT ALLEGES THAT any technical deficiencies with regard to Plaintiff's FMLA/CFRA leave are inconsequential and without remedy in that Plaintiff received her full entitlement to protected leave and was terminated when she was unable or unwilling to return to work at the end of that protected leave.

HOLDEN LAW
GROUP
1522 J LINCOLN WAY
AUBURN, CA 95603
530 888 0901

5.

DEFENDANT'S UNVERIFIED ANSWER TO PLAINTIFF'S UNVERIFIED
COMPLAINT

Exhibit 5

1

## PRAYER

2       WHEREFORE, Defendant prays as follows:

3       1.    That Plaintiff's Complaint be denied and dismissed and that Plaintiff take nothing

4 thereby;

5       2.    That judgment be entered for Defendant and against Plaintiff;

6       3.    That Defendant be awarded costs of suit and attorneys' fees incurred herein; and

7       4.    For other just and equitable relief that the Court may deem appropriate in the

8 circumstances

9 Dated: May 13, 2014                  Respectfully submitted,

10                                  HOLDEN LAW GROUP

11

12                                By:

13                                KIMBERLEY A. WORLEY
                               Attorneys for Defendant CHILDREN'S

14                                RECEIVING HOME OF SACRAMENTO

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOLDEN LAW
GROUP
1522 LINCOLN WAY
AUBURN CA 95603
530 888 0901

**DEFENDANT'S UNVERIFIED ANSWER TO PLAINTIFF'S UNVERIFIED
COMPLAINT**

Exhibit 5

## PROOF OF SERVICE

I am employed in the City of Auburn, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1522 Lincoln Way, Auburn, CA  95603.

On May 13, 2014, the following document(s):

**DEFENDANT'S UNVERIFIED ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

was/were served on all parties in this action pursuant to agreement between each counsel in the manner selected below and addressed as follows:

Natalia D. Asbill
Perkins & Associates
300 Capitol Mall, Suite 1800
Sacramento, CA 95814

☒     **BY UNITED STATES MAIL** – I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and (*specify one*):

(1) ☐  deposited the sealed envelope with the United States postal Service, with the postage fully prepaid

(2) ☒  placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on May 13, 2014 in Auburn, California.

_____
Ariana L. Powell

HOLDEN LAW
GROUP
1522 LINCOLN WAY
AUBURN, CA  95603
530 888 0901

DEFENDANT'S UNVERIFIED ANSWER TO PLAINTIFF'S UNVERIFIED
COMPLAINT

Exhibit 5

# PROOF OF SERVICE

I am employed in the City of Auburn, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1522 Lincoln Way, Auburn, CA 95603.

On May 14, 2014, the following document(s):

**DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION)**

was/were served on all parties in this action pursuant to agreement between each counsel in the manner selected below and addressed as follows:

Natalia D. Asbill
Perkins & Associates
300 Capitol Mall, Suite 1800
Sacramento, CA 95814

☒ **BY UNITED STATES MAIL** – I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and (*specify one*):

(1) ☐ deposited the sealed envelope with the United States postal Service, with the postage fully prepaid.

(2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 14, 2014 in Auburn, California.

Ariana L. Powell

HOLDEN LAW
GROUP
1522 LINCOLN WAY
AUBURN, CA 95603
530 888 0901

DEFENDANT'S NOTICE OF REMOVAL                    5
UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION)                                    Case 2:14-at-00608