STEVEN R. HOLDEN, State Bar No. 166094
ANTHONY C. OCEGUERA, State Bar No. 259117
HOLDEN LAW GROUP
1522 Lincoln Way
Auburn, CA  95603-5015
anthony@holdenlawgroup.com
Telephone:    530.888.0901
Facsimile:    530.888.0902

Attorneys for Defendant
CHILDREN'S RECEIVING HOME
OF SACRAMENTO

Robin K. Perkins, SBN: 131252
Natalia D. Asbill, SBN: 281860
Michael L. Shoff, SBN: 290419
PERKINS & ASSOCIATES
300 Capitol Mall, Suite 1800
Sacramento, CA 95814
Telephone:  916.446.2000
Facsimile:  916.447.6400
rperkins@perkins-lawoffice.com
nasbill@perkins-lawoffice.com
mshoff@perkins-lawoffice.com

Attorneys for Plaintiff
TINA CANUPP

IN THE UNITED STATE DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA CANUPP<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHILDREN'S RECEIVING HOME OF SACRAMENTO; and DOES 1 to 25, inclusive<br><br>　　　　　　　Defendants. | Case No. 2:14-CV-01185-WBS-EFB<br><br>**[PROPOSED] JOINT CONFIDENTIALITY AGREEMENT AND STIPULATION FOR THE ENTRY OF A PROTECTIVE ORDER**<br><br><br>Judge:  Hon. William B. Shubb |

Defendant CHILDREN'S RECEIVING HOME OF SACRAMENTO ("Defendant"), through its counsel Anthony Oceguera, and Plaintiff TINA CANUPP ("Plaintiff"), through her counsel Natalia D. Asbill, submit the following Confidentiality and Stipulation for entry of a Protective Order as Follows:

WHEREAS the parties anticipate medical, personnel, employment, and other private records will be produced in this case; and

WHEREAS disclosure of such information to persons not parties to this action might result in damage to plaintiff, defendant or other individuals identified therein; and

WHEREAS, NOW, THEREFORE, it is hereby STIPULATED by and between Plaintiff, and Defendant, by and through their designated attorneys of record, subject to the approval of the Court, as follows:

1.  <u>Nondisclosure of Confidential Documents</u>:  Except with the prior written consent of the party or other person originally designating a document (as hereafter defined) as confidential, or as permitted by the terms of this order, no confidential document (as hereafter defined) shall be disclosed to any person.

2.  A "<u>document</u>" is defined as any writing, recording, and photograph as set forth in §1001 of the *Federal Rules of Evidence*, including handwriting, typewriting, printing, photostat, photograph, photocopy, transmission by electronic means, including but not limited to, email or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, word, pictures, sounds, symbols or combination thereof, and any record thereby created, regardless of the matter in which the record has been stored.  The term "<u>person(s)</u>" is defined as set forth in California *Evidence Code* §175, and shall mean, without limitation, any individual, corporation, partnership, limited partnership or legal entity, and includes the present and former officers, executives, partners, brokers, and all other persons acting or purporting to act on behalf of them, and any of their present or former parent corporations, subsidiaries, affiliates, divisions, predecessors and successors in interest.

3.  A "<u>confidential document</u>" is all medical, personnel, and employment records produced in this case, and any written, recorded, or graphic material produced that bears the legend "confidential" to signify that it contains confidential information.  Interrogatory answers, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded protection as confidential documents, but, to the extent feasible, shall be prepared in such a manner that portions

HOLDEN LAW GROUP
1522 LINCOLN WAY
AUBURN, CA 95603
530.888.0901

[~~PROPOSED~~] STIPULATED
PROTECTIVE ORDER         2         Case 2:14-CV-01185-WBS-EFB

containing confidential information are bound separately from portions not entitled to protection. The designation of documents as confidential shall be limited to documents that truly contain confidential information and mass, indiscriminate, or routinized designations are prohibited.

4. The term "<u>Confidential Information</u>" shall mean information which the designating party or a designating non-party deems to constitute medical, personnel, employment records or other private and confidential information which is not publicly known and which cannot be ascertained from an inspection of publicly available documents and materials. It shall further include any and all health care information or any other personal, private or sensitive information pertaining to specific patients, including, but not limited to, patient protected health information and electronic health records (collectively referred to as "protected health information") as such terms are used in the Health Insurance Portability and Accountability Act of 1996, as amended ("HIPAA") and regulations issued pursuant thereto.

5. The term "<u>Producing Person</u>" or "<u>Designating Person</u>" shall mean a party to this action or third party witness (including counsel for the party or witness) who seeks the protections provided by this Order, who is producing information pursuant to any discovery request, rule, or order of the Court.

6. The term "<u>Receiving Party</u>" or "<u>Non-Designating Party</u>" shall mean the party hereto who is the recipient of information supplied by the producing or designating person including, but not limited to, the persons identified in paragraph 9.

7. The term "<u>Designated Counsel</u>" shall mean: (a) the attorneys and employees of: Perkins & Associates, including Natalia D. Asbill, counsel for plaintiff; the Holden Law Group, including Anthony C. Oceguera, counsel for defendant; and (b) the attorneys and employees of counsel for any other person and/or entity participating in discovery in this case.

8. Any deposition testimony, document or thing, including discovery in documentary form, such as responses to interrogatories, responses to document requests, responses to requests for admissions, and all information derived from inspection of files and facilities pursuant to discovery herein, rule or order of the Court, which is offered or produced on or after the date hereof, may be designated by the Producing Person and marked "CONFIDENTIAL" at the time of production if the Producing Person believes that the matter produced contains Confidential Information.

HOLDEN LAW GROUP
1522 LINCOLN WAY
AUBURN, CA 95603
530.888.0901

[<s>PROPOSED</s>] STIPULATED
PROTECTIVE ORDER            3            Case 2:14-CV-01185-WBS-EFB

9. Information, deposition testimony, documents and things designated "CONFIDENTIAL" may only be disclosed to:

    a.    Plaintiff;

    b.    Designated Counsel as defined in Paragraph 7 above;

    c.    Directors, officers and employees of defendant, whose duties require them to assist Designated Counsel to prepare for trial;

    d.    Independent experts and consultants retained by Designated Counsel in this action;

    e.    Any person who has been called to provide testimony by deposition that is deemed CONFIDENTIAL pursuant to paragraph 11 herein, provided such person has agreed in writing to abide and be bound by the terms of this Protective Order by executing a document in the form attached as Exhibit "A." Notwithstanding the foregoing, and regardless of whether such deponent agrees to sign Exhibit "A," such Confidential Information or document may be disclosed to such person at their deposition if:

        (i)    The deponent is listed as an author, addressee, or recipient on the face of a document designated "CONFIDENTIAL";

        (ii)    The Confidential Information or document was produced by or obtained from said deponent; or

        (iii)    Upon order of the Court for good cause shown;

    f.    The Court, its personnel and members of the jury;

    g.    Court reporters; and

    h.    Any mediator(s) or arbitrator(s) retained by the parties in connection with this litigation.

In order to facilitate expert discovery in this matter, all parties shall require each of their retained experts to execute Exhibit "A" as soon as practicable upon such expert's retention and, in any event, prior to any disclosure to such expert of Confidential Information.  No party shall be obligated to disclose the identity of any consultant or expert except as provided by the *Federal Rules of Civil Procedure.*

/ / /

10.     No person receiving Confidential Information designated "CONFIDENTIAL" under this Order shall use such Confidential Information for any purpose other than for purposes of this action (preparation for trial, trial, and any pre-trial or post-trial proceedings) and shall not disclose such Confidential Information to any other person, except as specified herein.

11.     Portions of transcripts of any deposition in which the deponent testifies regarding CONFIDENTIAL information, including when Confidential Documents are used as exhibits, may be designated as "CONFIDENTIAL" by any party to this action or by the deponent either (a) on the record during the deposition, or (b) by written notice to all counsel of record within thirty (30) days after the party wishing to make the designation receives the transcript. Pending the expiration of said thirty (30) days, all parties and person(s) shall presumptively treat the deposition transcript as "CONFIDENTIAL."  If no portions of the transcript are designated as "CONFIDENTIAL" by any party to this action, or by the deponent, within said thirty (30) days, the transcript shall not be considered to be designated "CONFIDENTIAL." No party may make a blanket designation of an entire deposition as "CONFIDENTIAL," but must instead designate narrowly those specific matters entitled to confidentiality pursuant to this Order.  As with documents and other materials designated as "CONFIDENTIAL," or "any non-designating party may challenge the designation or any part thereof" as referenced in Paragraph 13, below.

12.     No person or party shall disclose to anyone not specified in paragraph 6 hereof any Confidential Information designated under this Protective Order without prior written consent of the Designating Person or further order of this Court. Confidential Information disclosed pursuant to this Protective Order shall not, and cannot, be used by a recipient for any purpose other than for purposes of this action.

13.     This Order shall be without prejudice to the right of any Non-Designating Party to bring before this Court at any time the question of whether any particular information is properly categorized. The burden of proving that information is properly designated pursuant to this Order shall be consistent with the laws of the State of California.

/ / /

/ / /

14. The parties shall make every reasonable effort to mark every document and thing containing Confidential Information with the legends set forth in Paragraph 8 hereof, but the inadvertent or unintentional failure to mark the legend on the otherwise claimed confidential information, shall not be deemed a waiver in whole or in part of a claim for confidential treatment under this order where notice is reasonably provided.

15. The parties stipulate that they will abide by all of the applicable terms of HIPAA and the regulations promulgated thereunder to protect the confidentiality of protected health information. This Order constitutes a qualified protective order under HIPAA laws and regulations.

16. Nothing herein shall be construed to limit in any way a party's use of its own Confidential Information.

17. This Order is intended to provide a mechanism for the handling of Confidential Information, the disclosure or production of which there is no objection to other than confidentiality. Each party reserves the right to object to any disclosure of information or production of any documents it deems confidential on any other ground it may deem appropriate. Any party may move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality herein set forth or the application of this Order, in any particular circumstance.

18. This Order may be amended, without leave of Court, in the form of a written stipulation executed by all parties that shall be filed in this case. This Order is intended to regulate the handling of Confidential Information during the pretrial period of this litigation, but shall remain in force and effect until modified, superseded or terminated on the record by written stipulation of the parties or by Order of the Court.

Within thirty (30) days of the final disposition of this action, each Receiving Party shall be under an obligation to assemble and return to the Producing Person all documentary materials produced in this action that have been designated "CONFIDENTIAL" still subject to this Order, including all copies of such Confidential Information which may have been made, provided that the Receiving Party or Non-Designating party may elect to destroy any such Confidential Information. The fulfillment of the obligations imposed by this paragraph, whether by return, destruction or both, shall be certified in writing by Receiving Party within thirty (30) days of the final disposition of this action.

HOLDEN LAW
GROUP
1522 LINCOLN WAY
AUBURN, CA 95603
530.888.0901

[~~PROPOSED~~] STIPULATED
PROTECTIVE ORDER     6     Case 2:14-CV-01185-WBS-EFB

19. Any person who violates the terms of this Order shall be subject to appropriate injunctive relief, in addition to money damages, attorneys' fees, and other relief as deemed appropriate and ordered by the Court after opportunity to be heard.

20. The parties and any other persons subject to the terms of this Confidentiality Agreement and Protective Order agree that this Court shall have and shall retain, after this action is terminated, jurisdiction over it and them for the purposes of enforcing this Confidentiality Agreement and Protective Order.

Under no circumstances shall any provision of this Order prevent or unduly restrict any party's ability to use confidential material during any phase of trial in this matter. The parties will leave to the Court's discretion any protective measure to preserve confidentiality during trial.

**IT IS SO STIPULATED:**

Dated: October 7, 2014                                HOLDEN LAW GROUP

                                                By:   Anthony Oceguera /s/
                                                      ANTHONY C. OCEGUERA
                                                      Attorneys for Defendant CHILDREN'S
                                                      RECEIVING HOME OF SACRAMENTO


Dated: October 7, 2014                                PERKINS & ASSOCIATES


                                                By:   Natalia Asbill /s/
                                                      NATALIA D. ASBILL
                                                      Attorney for Plaintiff TINA CANUPP

**IT IS HEREBY ORDERED THAT THE ABOVE STIPULATION FOR ENTRY OF THIS CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER IS HEREBY GRANTED.**

DATED: October 7, 2014.

                                                      EDMUND F. BRENNAN
                                                      UNITED STATES MAGISTRATE JUDGE

HOLDEN LAW GROUP
1522 LINCOLN WAY
AUBURN, CA 95603
530.888.0901

[PROPOSED] STIPULATED
PROTECTIVE ORDER                 7                 Case 2:14-CV-01185-WBS-EFB

## ATTACHMENT "A"

1.  I, _____, the undersigned, have received a copy of the Joint Confidentiality Agreement and Stipulation for the Entry of A Protective Order entered in connection with the above-captioned matter (hereinafter the "Order").  I have read the Order and understand its terms.  As a condition of disclosure to me of any information or documents designated CONFIDENTIAL in accordance with the Order, I hereby agree to be bound by the terms of the Order.

2.  My current address is_____.

3.  I understand and agree that the United Stated District Court for the Eastern District of California shall have jurisdiction with regard to any proceedings to enforce the terms of the Order. I hereby consent to the jurisdiction of said Court for the purposes of enforcing this stipulation and any related Order.

4.  I understand and agree that I shall not use any information or the contents of any document furnished to me and designated as CONFIDENTIAL for any purpose other than for purposes of this litigation.  I will hold such information and/or the contents of such documents in confidence and will not disclose such information and/or the contents of such documents to anyone not specified under the terms of the Order.

5.  I understand and agree that, within thirty (30) days of the final disposition of this action, I shall either: (a) deliver any documents designated CONFIDENTIAL and/or any compilation or analysis of any information designated CONFIDENTIAL, including any notes, documents, testimony, compilations, analysis and/or work product that constitute, contain or describe, in whole or part, any Confidential Information, to counsel for the party who furnished the information and/or documents to me; or (b) destroy such material and certify such destruction in writing under oath and deliver such certification to counsel for the party who furnished the information and/or documents to me.

Dated:                                                    Signature_____