UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TINA CANUPP, <br><br> Plaintiff, <br><br> v. <br><br> CHILDREN'S RECEIVING HOME OF SACRAMENTO; and DOES 1 to 25, inclusive, <br><br> Defendant. | CIV. NO. 2:14-1185 WBS EFB <br><br> ORDER RE: REQUEST TO SEAL DOCUMENTS |

----oo0oo----

Plaintiff Tina Canupp brought this action against defendant Children's Receiving Home of Sacramento ("CRH") alleging, among other things, claims of disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation in violation of the California Labor Code, and wrongful termination in violation of public policy. (Docket No. 2.) On February 29, 2016, defendant moved for summary judgment and included as exhibits various medical and

1

employment records pertaining to plaintiff.  (Docket Nos. 25-26.) Presently before the court is defendant's request to seal the following records that were submitted in support of its motion for summary judgment: (1) plaintiff's medical records, and (2) an employment record regarding an investigation into allegations of misconduct toward youth by a non-party former CRH employee, which refers to a former youth client involved in the allegations.

A party seeking to seal a judicial record bears the burden of overcoming a strong presumption in favor of public access.  Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  "[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments . . . because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'"  Id. at 1179 (citation omitted).

The requesting party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  Id. at 1178-79 (citation omitted).  In ruling on a motion to seal, notwithstanding the other party's failure to object, the court must balance the competing interests of the public and the party seeking to keep the records secret.  Id. at 1179.

The court has reviewed plaintiff's medical records that defendant requests to seal and finds no compelling reason to

shield them from public scrutiny.  It appears from the request itself that plaintiff has waived any privilege that may have existed in her medical records by bringing this action, and it defendant has failed to demonstrate a just reason to keep the public from seeing them.

Defendant's only justification for sealing plaintiff's medical records is that they contain allegedly confidential information and are subject to a stipulated protective order signed by the assigned magistrate judge.  (See Docket No. 12.) This court has previously pointed out that a confidentiality agreement between the parties does not per se constitute a compelling reason to seal documents outweighing the interests of public disclosure and access.  See Oct. 8, 2014 Order at 2, Starbucks Corp. v. Amcor Packaging Distrib., Civ. No. 2:13-1754; Sept. 3, 2015 Order at 3, Foster Poultry Farms, Inc. v. Certain Underwriters at Lloyd's, London, Civ. No. 1:14-953; Sept. 18, 2015 Order at 2, Rosales v. City of Chico, Civ. No. 2:14-2152. The fact that the assigned magistrate judge signed the stipulated protective order does not change this principle.

Beyond the stipulated protective order, defendant asserts that there is "good cause" to seal plaintiff's medical records, but offers no further guidance as to why there is "good cause."  These boilerplate concerns do not outweigh the history of access and public policies favoring disclosure to the public and the media.  Defendant also acknowledges that plaintiff's medical condition and medical history are at issue in this case. Once a matter is brought to the court for resolution, it is a public matter.  M.P. ex rel. Provins v. Lowe's Cos., Civ. No.

3

2:11-1985 GEB CKD, 2012 WL 1574801, at *2 (E.D. Cal. May 3, 2012).  The court must therefore deny defendant's request to seal plaintiff's medical records.

        However, the court finds that the requisite showing has been made to seal the one-page employment record pertaining to an investigation into allegations of misconduct toward youth by a former CRH employee, which refers to a former youth client involved in the allegations.  (Oceguera Decl. Ex. 38 (Docket No. 26-2).)  The court will grant defendant's request to seal this record.  Cf. E.D. Cal. L.R. 140(a) (requiring redaction of a minor's name in a civil action when the specific identity of the minor is not necessary to the action).

        IT IS THEREFORE ORDERED that defendant's request to seal documents be, and the same hereby is:

        (1) DENIED IN PART as to plaintiff's medical records; and

        (2) GRANTED IN PART as to the employment record pertaining to an investigation into allegations of misconduct toward youth by a former CRH employee.

        IT IS FURTHER ORDERED that Exhibit 38 to defendant's motion for summary judgment be filed under seal.  The remainder of defendant's exhibits submitted in support of its motion for summary judgment, (Docket Nos. 26-2 to 26-4), and all other written materials in this action shall not be under seal.

        IT IS SO ORDERED.

Dated:  March 2, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4